# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KELLY ANN HANCOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00220 |
| ) | CHIEF JUDGE CRENSHAW |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, et al. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 21) recommending that Hancock's Motion for Judgment On the Record (Doc. No. 16) be denied and the Social Security Administration's decision be affirmed. Hancock objects to the Magistrate Judge's finding that she waived her argument concerning Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842-43 (6th Cir. 1997), and its applicability to the administrative proceeding. (Doc. No. 22 at 1.)

As background, Hancock filed an application for benefits in 2012, which was denied, and, rather than appealing this denial, she filed applications for disability insurance benefits and supplemental security income in 2014. (Doc. No. 21 at 1-2.) In the second proceeding, Administrative Law Judge ("ALJ") Brian Dougherty determined that Hancock had the residual functional capacity ("RFC") to perform light work with postural limitations. (Id. at 2.) Pursuant to Drummond and Acquiescence Ruling ("AR") 98-3(6), ALJ Dougherty found that, with regard to Hancock's RFC, he was bound by the prior ALJ's RFC determination unless there was new material evidence. (Doc. No. 13 at 41.)

In her initial brief before this Court, Hancock argued that ALJ Dougherty erred in applying Drummond and AR 98-3(6) because Drummond was not applicable, and, in the alternative, there was new and material evidence of Hancock's worsening medical condition. (Doc. No. 16-1 at 11.) Hancock explained that, under Drummond and AR 98-3(6), when the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances. (Id. at 11-12.) However, Hancock argued that Drummond and AR 98-3(6) were inapplicable, under Early v. Berryhill, No. 3:15-cv-00166, 2017 WL 6508174, at *1-2 (S.D. Ohio July 28, 2017), because ALJ Dougherty sought to apply Drummond and AR 98-3(6) to require Hancock to affirmatively present evidence of her worsening condition. (Id. at 14.) Further, Hancock argued that, in any event, there was substantial evidence of her worsening condition. (Id. at 15-17.)

In her reply brief, Hancock acknowledged that, pursuant to the Sixth Circuit's decision in Earley v. Comm'r of Soc. Sec., 893 F.3d 929, 933 (6th Cir. 2018), the Southern District of Ohio's decision in Early had been overruled. (Doc. No. 20 at 1.) However, Hancock noted that, in Earley, the Sixth Circuit indicated that "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." (Id. at 2.) Accordingly, Hancock argued that ALJ Dougherty erred because he failed to "appreciate the non-binding nature of the previous RFC assessment." (Id. at 3.)

The Magistrate Judge determined that, as to Hancock's argument that ALJ Dougherty erred by finding he was bound by the previous ALJ's RFC determination, this argument was waived because it was raised for the first time in her reply brief. (Doc. No. 21 at 11.) The Magistrate Judge found that, initially, Hancock raised the issue of burden of proof in subsequent applications for

Social Security benefits, which was wholly different from her reply brief argument regarding ALJ Dougherty's erroneous determination that he was bound by the prior RFC determination. (Id.)

As noted, Hancock objects to the Magistrate Judge's finding that her argument regarding the binding nature of the prior RFC determination was waived. (Doc No. 22 at 2.) Hancock acknowledges that, although there was a difference in analysis on the issue as raised in her reply brief, the difference was not so significant as to warrant waiver of the argument. (Id.) She argues that the ALJ Dougherty's RFC finding prevented a meaningful assessment of her right to assistance, and any other references to "progress" in treating her medical issues did not otherwise satisfy the ALJ's duty to develop the record. (Id. at 4-5.)

The Court agrees with the Magistrate Judge that the arguments raised in Hancock's opening and reply briefs were sufficiently different such that her second argument is waived. Hancock's initial argument was that "the ALJ seeks to apply Drummond and AR 98-3(6) to require [her] to present evidence of worsening . . . [t]his is inappropriate per the above precedent." (Doc. No. 16-1 at 14.) The Magistrate Judge accurately characterized this argument as one relating to burden of proof. (Doc. No. 21 at 11.) Hancock's latter argument, raised for the first time in her reply brief, focuses on ALJ Dougherty's error in finding that the prior RFC determination was binding on him. (Doc. No. 20 at 3.) Although the arguments involve consideration and application of overlapping precedent, including Drummond, they are functionally different because they challenge separate aspects of ALJ Dougherty's decision. The first argument challenges what evidence is necessary to show a material change or worsening condition and whose burden it is to produce that evidence, while the latter argument concerns the more overarching issue of whether the prior RFC finding is binding on ALJ Dougherty's analysis. Accordingly, because this latter argument was not raised until Hancock's reply brief, the Magistrate Judge properly found the argument waived. See Kuhn

v. Washentaw Cnty., 709 F.3d 612, 624 (6th Cir. 2013) (an argument is waived if not raised in the initial brief).

Accordingly, Hancock's objection is **OVERRULED**. Upon *de novo* review in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition because there is no error that would necessitate remand. (See Doc. No. 21 at 8-20.) Accordingly, the Magistrate Judge's Report and Recommendation is **APPROVED** and **ADOPTED**, and Hancock's Motion for Judgment On the Record (Doc. No. 16) is **DENIED**. The Social Security Administration's decision is **AFFIRMED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE